In the Matter of Maxwell M. Wallach, an Attorney, Respondent.

First Department, February 7, 1936.

*S. C. Lewis* of counsel [*Einar Chrystie*, attorney], for the petitioner.

Respondent in person.

MARTIN, P. J. The Bar Association charged the respondent with professional misconduct in that he failed to comply with an order of the Special Term of the Supreme Court, as modified by an order of this court entered June 21, 1934, directing him to pay to his former client, Mrs. Wien, the sum of $3,624 out of moneys collected on her behalf. The respondent was further charged with having converted said sum to his own use. The matter now comes before this court upon the report of a referee finding the charges established.

It appears that the respondent in March, 1932, was retained by Mrs. Ethel Wien to have himself substituted as her attorney and continue the prosecution of a separation action theretofore commenced by her in which alimony aggregating $2,925 remained unpaid. The retainer agreement provided that the respondent should receive fifty per cent of any sum collected " in this or any other action against Nathan I. Wien besides the counsel fee that may be ordered herein by the Court." Said action was abandoned by the reconciliation of the parties. Shortly thereafter, the respondent commenced a new action for separation on behalf of Mrs. Wien. In that action seventy-five dollars a week alimony and a counsel fee of $1,500 were ordered, none of which was paid. The efforts of the respondent to collect culminated in an action against the Consolidated Gas Company and the husband and father of his client to determine that 165 shares of stock of the gas company were owned by her husband and to have a receiver appointed to sell the same. Thereafter a separation agreement was entered into between Mr. and Mrs. Wien, which, in so far as here material, provided:

" Third. The Husband agrees that simultaneously with the execution of this agreement he will pay to the Wife the sum of Eleven Thousand ($11,000) Dollars for which she agrees she will give a proper receipt to the Husband, which sum of Eleven Thousand ($11,000) Dollars shall be in full payment, satisfaction and settlement of any claim or claims the Wife might have heretofore made or may hereafter make against the Husband for her separate support and maintenance or as alimony or as counsel fees in any action that may heretofore have been or hereafter be brought by the Wife against the Husband for a decree of separation or divorce or on any account whatsoever arising out of the marital relations between the parties hereto, directly or indirectly."

On June 23, 1933, the respondent received from Mr. Struble, the attorney for Mr. Wien, a check for $5,300, for which the respondent prepared and had Mrs. Wien sign a receipt, reading in part as follows: " This acknowledges the receipt of the sum of $5,300 on account and as part of the $11,000 consideration set forth in the

separation agreement from Dr. Nathan I. Wien in payment of arrears of alimony in the sum of $3,800 and the counsel fee in the sum of $1,500."

On June 28, 1933, the respondent, on behalf of Mrs. Wien, commenced an action for absolute divorce. On the following day he received from Mr. Struble a check for $800, giving in return the following receipt signed by Mrs. Wien: "Having heretofore acknowledged the receipt of the sum of $5300 from Dr. Nathan I. Wien, I herewith further direct that the balance be held in escrow by Sidney Struble, Esq., and that now, upon the commencement of an action for divorce by me against the said Dr. Nathan I. Wien, I direct that the sum of $800 be paid forthwith to Maxwell M. Wallach, and upon the service of a certified copy of a final decree of divorce upon Sidney Struble, the said Sidney Struble is to pay to Maxwell M. Wallach the balance of $800 in full payment of all counsel fees and disbursements in connection with the divorce action, and is to pay directly to me the sum of $4,100."

Mrs. Wien received no part of either of the aforesaid payments of $5,300 and $800. On or about July 18, 1933, the respondent tendered her a check for $1,900 provided she would sign a receipt which authorized him to keep the balance of the amounts collected on account of his fees, which tender she rejected.

On September 29, 1933, the respondent wrote Mrs. Wien that he was entitled not only to the entire $6,100 already received by him, but to an additional $150 of the money held in escrow by Mr. Struble. Mrs. Wien thereupon retained another attorney to move for a substitution of attorneys and to compel the respondent to pay over $3,800, to which Mrs. Wien claimed to be entitled. The motion for substitution was granted and the question of respondent's compensation referred to a referee, who found that the agreement of retainer was not applicable to the lump sum settlement, and that in any event it was invalid as an agreement to share with the respondent an award of alimony. He further found that the reasonable value of the services and disbursements of respondent in the action for divorce were $176, but held that respondent by his conduct in connection with the retainer agreement had forfeited the right to any compensation. Upon motion to confirm the report of the referee, an order was entered March 10, 1934, whereby the respondent was permitted to retain the sum of $3,138.50, being fifty per cent of the accrued alimony in the original separation action, the $1,500 counsel fee awarded by the court, and $175, the value of his services and disbursements in the divorce action. The balance of $2,961.50 the respondent was directed to pay Mrs. Wien within ten days after service of a copy of the order. Both sides appealed. On June 21, 1934, this court modified the order of

March 16, 1934, by permitting the respondent to retain the counsel fees of $1,500 and $800, and $176, the value of his services and disbursements in the divorce action, and directed him to pay to Mrs. Wien the sum of $3,624. (See 241 App. Div. 526.) In the meantime, Mrs. Wien had moved to punish the respondent for contempt for failure to comply with the order of March 16, 1934, and also procured his arrest. (See 242 App. Div. 752.) The respondent obtained his release upon the undertaking of two personal sureties in the sum of $2,100. The motion to punish respondent for contempt was granted and he was fined the sum of $2,961.50.

On December 24, 1934, all litigation between respondent and Mrs. Wien was discontinued and releases exchanged after the payment of $2,600 in full settlement by one Wasserman, one of the sureties on respondent's bail bond, against whom Mrs. Wien had obtained a judgment on November 26, 1934, for $2,134. Respondent gave Mr. Wasserman a confession of judgment in the sum of $3,100 to secure the repayment of said $2,600 and a bonus of $500 promised him by respondent. No part of this had been paid to Mr. Wasserman at the date of the hearings herein.

The evidence shows that the respondent applied to his own use the entire sum of $6,100 collected as aforesaid, and that he was financially unable to pay over to his client the amount to which she was finally held to be entitled. The respondent's claim that he was at all times able to pay whatever amount his client was entitled to and that he induced Mr. Wasserman to pay $2,600 in settlement of the matter by promising him a bonus of $500 in order that he might be in a position to loan his brother-in-law Youdelman $5,000, coupled with the testimony of Youdelman that the money so lent him because of his business difficulties he had lost at dice and poker on three successive nights with persons of so disreputable a character that he feared to disclose their names or the name and address of the hotel at which the money is alleged to have been gambled away, is incredible upon its face, as was so found by the referee.

Assuming that the respondent was within his legal rights in withholding payment pending appeals from the various orders incidental to this controversy, he nevertheless breached his duty to his client and violated the ethics of his profession by failing to hold for the account of his client at least a reasonable portion of the sum of $6,100 collected as aforesaid.

The respondent should be disbarred.

McAvoy, O'Malley, Townley and Glennon, JJ., concur.

Respondent disbarred.